UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PAUL FINE, JR.

    v.                                                             Case No. 3:10 CV 359 (JBA)

LIEUTENANT BLACK, et al.

## RULING ON PENDING MOTIONS [Dkts. ## 35, 36, 37]

Plaintiff has filed motions to amend his complaint and discovery requests.

I.    Motion to Amend Complaint [Dkt. #36]

In his original complaint, plaintiff named as defendants Lieutenant Black, Lieutenant Linore, Captain Vahn and three John Does. He included in the body of the complaint, Captains Knapp, Butler and Courter but did not included these individuals in the case caption. Thus, they are not defendants in the case. In his motion to amend, plaintiff states that he wants to add Captain Cleaver, Correctional Officers J. Deorsey, J. Shepard, Robert Jasence, Derrick Molden, Wilson, Allen and Disciplinary Hearing Officer Jane Doe. He also identifies two of the original John Doe defendants as Nurses Caroline Choinard and Ed Lehman.

Plaintiff includes general statements regarding how each of these defendants is involved in the incident giving rise to this action, but has not submitted a proposed amended complaint with his motion. From this information, the Court cannot discern the precise claims being asserted against each new defendant. Accordingly, the motion to amend is denied without prejudice. Plaintiff may refile his motion to amend

accompanied by a proposed amended complaint. The amended complaint will replace the original complaint in this case. See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied, 434 U.S. 1014 (1978). Therefore, the proposed amended complaint must include a proper caption and list all persons intended to be defendants in this case as defendants in the case caption. Plaintiff also shall allege facts to support his claim against each defendant.

II.     Motion to Amend Discovery [Dkt. #35]

Plaintiff asks the Court to clarify his discovery requests, but does not explain why he waited until after the discovery period ended to file this motion. The Court has granted plaintiff permission to refile his motion for leave to amend accompanied by a proposed amended complaint. If the Court grants the motion to amend, the parties will be afforded additional time to conduct discovery. Plaintiff's motion is denied without prejudice.

III.    Motion to Inform the Court [Dkt. #37]

Plaintiff attempts to explain his delay in responding to Court deadlines. He does not specify the deadlines to which he refers. Plaintiff states that correctional staff did not give him forms for discovery he requested from the "Hartford Civil Court Clerk." These forms were needed to "request prior cases & casework." The Court is unaware of any federal forms relating to discovery and cannot discern how state court forms are relevant to this action.

Plaintiff also states that his responses were delayed because he was unable to see a notary public. The federal court does not require plaintiff to notarize any motions or responses filed in this case. Thus, the Court cannot discern how lack of notarization

2

affected plaintiff's ability to file a document in this case.  Plaintiff's motion is <u>granted only to the extent that the plaintiff has provided this information to the Court</u>.

IV. <u>Conclusion</u>

Plaintiff's motion to amend [**Dkt. #36**] is **DENIED** without prejudice to refiling accompanied by a proposed amended complaint that complies with this order. Plaintiff's motion to amend discovery [**Dkt. #35**] is **DENIED** without prejudice and his motion to inform [**Dkt. #37**] is **GRANTED** in part.

So ordered this 1st day of April 2011, at New Haven, Connecticut.

/s/ Joan G. Margolis, USMJ
Joan G. Margolis
United States Magistrate Judge