UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


PAUL FINE, JR.

     v.                                                    Case No. 3:10 CV 359 (JBA)

LIEUTENANT BLACK, et al.


RULING ON MOTION [Dkt. # 65]

Although captioned a motion for "Emediate Injunction," the only specific relief sought is that the plaintiff be brought to court to argue his motion in person.  Plaintiff states that none of his motions has been mailed to the court and the Court has not ruled on motions that were filed in the last year.  He also seeks recusal of the undersigned Magistrate Judge.  Thus, the Court considers the motion as a request for oral argument and a motion for recusal.

Although the parties can request oral argument on a particular motion, the decision whether to decide a motion on the papers or after oral argument rests with the court.  See AD/SAT, Div. of Skylight, Inc. v. Assoc. Press, 181 F.3d 216, 226 (2d Cir. 1999)(per curiam)(decision whether to permit oral argument rests within the court's discretion)(citation omitted).  As explained below, the Court concludes that oral argument is not required at this time.

Plaintiff states that correctional staff have interfered with his ability to file motions in this case.  The Court previously considered plaintiff's complaints that the Department of Correction has not timely mailed his motions to the court. (See Dkt. #64).  The Court

considered eight separate motions filed by plaintiff between April and October 2011. (See Dkts. ##42, 49, 62). All were timely mailed by the Department of Correction, received by and ruled on by this Court.  In addition, the Court ruled on the two motions filed by plaintiff in November and December 2011 as soon as replacement counsel for defendants filed an appearance in this case.  (See Dkts. ##63, 64).  Plaintiff has identified no motions mailed to, but not received by, the Court and as of the present, this is the only pending motion on the docket.  Thus, there is no reason to entertain oral argument on this claim.

Plaintiff also makes general reference to abuse and cruel and unusual punishment suffered at the hands of correctional staff.  He does not identify even one instance of improper treatment and does not show any connection between that treatment and the issues in this case.  Thus, these general allegations are insufficient to warrant oral argument in this case.

Plaintiff also seeks recusal of the undersigned.  A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The test employed to determine whether recusal is required is an objective one.  See In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008), cert. denied sub nom. Basciano v. U.S. Dist. Court for the E. Dist. of New York, 555 U.S. 1177 (2009).  The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible."  Liteky v. United States, 510 U.S. 540, 555 (1994).  "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion" and "can only in the

2

rarest circumstances evidence the degree of favoritism or antagonism required." Id. (citation omitted).

Plaintiff states that his participation in another case, also referred to the undersigned, suggests to him that he will not be treated fairly in this action.  The other case in which the plaintiff was a participant, Smith v. Meachum, No. 3:93 CV 1537(PCD), was closed in 1996.  Judicial rulings issued more than fifteen years ago do not demonstrate any impartiality of the undersigned regarding the issues in this case.  Plaintiff's request for recusal is denied.

Plaintiff also states that he has not consented to the exercise of jurisdiction by a Magistrate Judge.  Even without the parties' consent, the District Judge may refer nondispositive pretrial motions to a Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(A).  Thus, plaintiff's consent is not required for the Court to rule on nondispositive pretrial motions, such as the ones the undersigned has decided in this case.

The plaintiff's motion [**Dkt. #65**] is **DENIED**.  The Clerk is directed to send the plaintiff a copy of the docket sheet with this order.

So ordered this 26th day of March 2012, at New Haven, Connecticut.


  /s/ Joan G. Margolis, USMJ
Joan G. Margolis
United States Magistrate Judge